### Application of SEABROOK HOTEL.

### No. 5339-PW.

Railroad & Public Utilities Commission.

July 25, 1958.

Milton E. Grusmark, Sibley, Grusmark, Barkdull & King, Miami Beach, for the appellant.

George E. Owens, Assistant Attorney General, for the state.

Fred Bush, Southern Bell Tel. & Tel. Co.

Chairman ALAN S. BOYD, Commissioners WILBUR C. KING and JERRY W. CARTER participated in the disposition of this application.

BY THE COMMISSION.

The commission held a public hearing on this application at the commission hearing room, 2526 W. Flagler St., Miami, on May 7, 1958 before its duly designated examiner, Alfred E. Sapp, pursuant to due notice.

It appears from the evidence that the applicant had a telephone switchboard in the hotel with a five line rotary system and three other off-numbered trunk lines. In the bar and restaurant or coffee shop there was an extension from the switchboard, and also an individual telephone of the lessee of that part of the hotel.

The telephones in the bar and restaurant having been used by the lessee in violation of the gambling laws, the Attorney General, by letter dated February 28, 1957, demanded termination of the service, and, accordingly, the Southern Bell Tel. & Tel. Co., on March 5, 1957, discontinued the five line rotary service, having disconnected the lessee's private line on February 27, 1957. This left the three off-numbered trunk lines connected to the switchboard. They are not listed in the telephone directory.

The lease of the bar and restaurant was canceled and other arrangements made for the operation thereof.

On April 19, 1957 the Florida Hotel & Restaurant Commission, after hearing and due notice, ordered suspension of the hotel's license for a period of six months, from which the applicant petitioned the circuit court of Dade County for a writ of certiorari to review said order.

On May 7, 1958, the Honorable Grady L. Crawford, circuit judge of the circuit court of Dade County, denied the petition for writ of certiorari and affirmed the Florida Hotel & Restaurant Commission's order of April 19, 1957. Subsequently, the applicant petitioned the Florida Hotel & Restaurant Commission for leniency and the same was granted—reducing said period of suspension from six months to three months commencing September 1, 1958, through November 30, 1958.

The applicant's hotel telephone service has now been curtailed for some sixteen months and because the hotel has continued to operate under its license from the Florida Hotel & Restaurant Commission and its license from the Beverage Commission, there is no justifiable reason why telephone service should not be reinstated immediately.

It is therefore ordered, adjudged and decreed that the application is granted, and Southern Bell Tel. & Tel. Co. is authorized to reinstall said telephone service upon proper application being made therefor, in conformity with the usual customary business practices relating to the installation of telephone service.